1   Baruch C. Cohen, Esq. (SBN 159455)
    **LAW OFFICE OF BARUCH C. COHEN**
2        A Professional Law Corporation
    4929 Wilshire Boulevard, Suite 940
3   Los Angeles, California 90010
    (323) 937-4501        Fax (323) 937-4503
4   e-mail: baruchcohen@baruchcohenesq.com

5   Vincent James DeSimone, Esq. (SBN 119668)
    **V. JAMES DESIMONE LAW**
6   13160 Mindinao Way Suite 280
    Marina Del Rey, CA 90292
7   (310) 693-5561
    e-mail: vjdesimone@gmail.com
8
    Kaveh Navab, Esq. (SBN 280235)
9   **NAVAB LAW**
    13160 Mindanao Way, Ste. 280
10  Marina Del Rey, CA 90292
    (310) 826-1002
11  e-mail: Navablaw@gmail.com

12  *Attorneys For Creditor DANIEL GARZA*

13                **UNITED STATES BANKRUPTCY COURT**

14                **CENTRAL DISTRICT OF CALIFORNIA**

15                    **LOS ANGELES DIVISION**

16

17  In re                              | Case No.  2:17-bk-22804-WB

18  MARIO G. CARDONA,                  | Assigned to the Honorable Julia Brandt

19              Debtor                 | Chapter 13

20

21                                     | **SUPPLEMENTAL DECLARATION OF**
                                        | **BARUCH C. COHEN RE OBJECTION TO**
22                                     | **PROOF OF CLAIM #5**

23                                     | Date: 5-16-2018
                                        | Time: 1:30pm
24                                     | Place: Courtroom 1375
                                        | 255 E. Temple Street, Los Angeles CA 90012
25

26

27

28

5/11-12:12pm

# DECLARATION OF BARUCH C. COHEN

I, BARUCH C. COHEN, declare and state as follows:

1.  The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2.  I am a member in good standing and eligible to practice before the following court(s): United State Supreme Court; California State Supreme Court; US Court of Appeals - Ninth Circuit; Bankruptcy Appellate Panel; United States District Courts: Central District of CA; Eastern District of CA; Northern District of CA; & Southern District of CA.

3.  I am the principal shareholder and President of The Law Office of Baruch C. Cohen. A Professional Law Corporation, located at 4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

4.  I proudly represent Creditor *DANIEL GARZA*

5.  This supplemental declaration is in support of the **PROOF OF CLAIM #5.**

6.  *Proof of Claim #5 was originally filed on 1-2-2018 in the amount of $842,000.00.*

7.  The June 26, 2017 verdict for $210,000.00 in the *Daniel Garza vs. City of Los Angeles; Police Officer Mario Cardona; Police Chief Charlie Beck*, Case No. 2:16-cv-03579-SVW-AFM matter, and finding by the jury that Mario Cardona ("Cardona or Debtor") acted with malice toward Daniel Garza ("Mr. Garza or Creditor") marked the culmination of extensive work and effort by Plaintiff's counsel who sought to vindicate the constitutional rights of Mr. Garza.  The district court action arises out of an incident that occurred on May 14, 2015, when Los Angeles Police Department Officer Mario Cardona, used excessive and unreasonable force against Mr. Garza, by punching Mr. Garza over twenty times in the face and body, handcuffing him, and for over ten minutes he was straddling Mr. Garza using his total body weight, twisting his wrists, after handcuffing Garza in LAPD handcuffs, causing excruciating pain and significant injuries.

8.  The USDC's *Judgment on the Verdict for Plaintiff* specifically provides that: "damages,

1    costs, and fees shall be determined by a later stipulation or motion."

2  9.    In fact, prior to this 10-18-2017 bankruptcy, on **9-22-2017**, the Debtor knew that the USDC

3    was going to be issuing an attorneys fees award, because it stipulated with Garza to

4    continue the hearing on Garza's attorneys fees.[1] The Debtor knew that Garza's attorneys

5    fees motion would demand fees and costs. However, the Debtor could have easily drafted

6    his initial schedules to conform with the information he had about the value of Creditor's

7    total claim, including his "damages, costs, and fees. Indeed, he intended to pursue relief

8    that was inconsistent with Creditor's unsecured status. In other words, the Debtor's "good

9    faith" in assembling his schedules is subject to examination in light of the circumstances.

10    This court must look beyond the schedules and consider whether the schedules were

11    designed to achieve eligibility at the expense of reality. Here, Debtor knew that Creditor's

12    attorneys fees and costs would substantially exceed the unsecured debt limit of Section

13    109(e).

14  10.    On 1-30-2018 this Court issued an order lifting the automatic stay instituted after Debtor

15    filed for Bankruptcy, allowing Daniel Garza to go to the District Court and file an attorney

16    fee motion [Doc-37].

17  11.    On 4-2-2018 Garza filed an attorney fees motion in the District Court requesting attorney

18    fees in the amount of <u>$721,526.50</u> and costs in the amount of $25,717.78.

19    a.    $210,000.00    Verdict

20    b.    $721,526.50    Attorneys Fees

21    c.    <u>$25,717.78</u>    Costs

22    d.    **$957,244.28**    Total

23  12.    Thus, Garza's total claim is **$957,244.28**.

24

25    [1]A true and correct copy of *Stipulation to Continue Attorneys Fees & Post-Trial Motion Filing*

26    *Deadlines & Order* in the <u>*Daniel Garza vs. City of Los Angeles; Police Officer Mario Cardona;*</u>

27    <u>*Police Chief Charlie Beck*</u>, Case No. 2:16-cv-03579-SVW-AFM matter is attached hereto as Exhibit
    "1" and is incorporated herein by this reference.

28

13.     On 5-11-2018, Garza amended its *Proof of Claim #5*, to include the attorney fees in the amount of **$721,526.50** and costs in the amount of **$25,717.78** totaling **$957,244.28**.[2]

14.     On May 7, 2018, the District Court held a hearing on Garza's attorney fees motion and took the matter under submission. We are currently awaiting an order from the District Court on the attorney fees motion.

15.     The Debtor does not satisfy the eligibility requirements for Chapter 13 because his noncontingent and liquidated unsecured debts exceed the statutory maximum of 11 U.S.C. § 109(e).

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed May 11, 2018, at Los Angeles, California.

By /s/ *Baruch C. Cohen*
        Baruch C. Cohen, Esq

---

[2]A true and correct copy of *Amended Proof of Claim #5* for $957,244.28 is attached hereto as Exhibit "2" and is incorporated herein by this reference.

V. James DeSimone (SBN: 119668)
**V. JAMES DESIMONE LAW**
Kaveh Navab (SBN: 280235)
**NAVAB LAW**
13160 Mindanao Way, Suite 280
Marina Del Rey, California 90292
Telephone: 310.693.5561
Facsimile: 323.544.6880
Attorneys for Plaintiff
DANIEL GARZA

**MICHAEL N. FEUER,** City Attorney (111529x)
**THOMAS H. PETERS**, Chief Assistant City Attorney (SBN 163388)
**CORY M. BRENTE,** Supervising Assistant City Attorney
**MICHAEL R. AMERIAN,** Deputy City Attorney (SBN207610)
200 North Main Street
6th Floor, City Hall east
Los Angeles, California 90012
Tel.: (213) 978-7043 Fax: (213) 978-8785
Michael.Amerian@lacity.org
Attorneys for Defendant and Crossclaim Defendant, CITY OF LOS ANGELES
and Defendant POLICE CHIEF CHARLIE BECK

Daphne M. Stegman (SBN: 64878)
**FULLERTON & HANNA, LLP**
6311 Colombus Avenue
Van Nuys, California 91411
Tel.: (818) 902-1454 Fax: (818) 901-0472
Dstegman.fh@att.net; fullertonhanna@att.net
Attorney for Defendant, MARIO CARDONA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL GARZA, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>            Defendants.<br>_____<br>MARIO CARDONA, an individual,<br><br>            Crossclaimant,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>            Crossclaim Defendants. | Case No: 2:16-CV-03579-SVW-AFM<br><br>*Assigned to the Hon. Stephen. V. Wilson*<br><br>**STIPULATION TO CONTINUE ATTORNEY FEES AND POST-TRIAL MOTION FILING DEADLINES**<br><br><br><br>Action Filed:   May 23, 2016<br>Trial Date:     June 20, 2017 |

///

- 1 -

**Exhibit "1"      Page 1 of 5**

1    Plaintiff Daniel Garza ("Plaintiff"), Defendants The City of Los Angeles,
2   Police Chief Charlie Beck, and Officer Mario Cardona ("Defendants"), collectively
3   referred to as "Parties", by and through their counsel of record, met and conferred
4   and hereby stipulate and agree as follows:
5        **WHEREAS**, on September 13, 2017, this Court entered Final Judgment on
6   the Jury Verdict ("Judgment") and in the Judgment stated that the time for post-trial
7   motions will begin at the filing of the Order (Dkt. No. 197).
8        **WHEREAS**, the deadline for Plaintiff to file his Motion for Attorneys' Fees
9   is currently set for September 27, 2017.
10       **WHEREAS**, the parties have met and conferred and agreed to extend the
11  deadline for Plaintiff to file his Motion for Attorneys' Fees and Costs and amend
12  the briefing schedule as follows:
13       Filing Date: November 21, 2017
14       Opposition Date: December 11, 2017
15       Reply: December 18, 2017
16       Hearing Date: January 8, 2018
17       **WHEREAS**, the parties current deadline for the filing of Post-Trial motions
18  is currently set for October 11, 2017.
19       **WHEREAS,** the parties have met and conferred and intend on the filing of
20  Post-trial motions, including but not limited to, Motions for New Trial, and agreed
21  to extend the deadline for the briefing schedule as follows:
22       Filing Date: December 4, 2017
23       Opposition Date: December 22, 2017
24       Reply Date: January 15, 2018
25       Hearing Date: January 29, 2018
26  This will allow for adequate time for the parties to obtain and review the transcripts
27  from trial in the matter;
28  ///

- 2 -

**STIPULATION TO CONTINUE ATTORNEY FEES AND POST-TRIAL MOTION FILING DEADLINES**
*Garza v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                          Kaveh Navab, Esq.

1      **THEREFORE, IT IS HEREBY STIPULATED** that the briefing schedule

2   for Plaintiff's motion for attorneys' fees and the briefing schedule for any post-trial

3   motions be amended as outline above.

4

5

6   Date:  September 22, 2017          **V. JAMES DESIMONE LAW**

7                                      **NAVAB LAW**

8

9                                      By:  /s/*V.James DeSimone, Esq.*
                                            V. JAMES DESIMONE, ESQ.
10                                          KAVEH NAVAB, ESQ.
                                            Attorneys for Plaintiff,
11                                          DANIEL GARZA

12

13                                     MICHAEL N. FEUER, City Attorney

14

15

16  Date: September 22, 2017     By:  /s/ *Michael R. Amerian, Esq.*
                                      MICHAEL R. AMERIAN, Deputy City
17                                    Attorney,
                                      Attorney for Defendant and Crossclaim
18                                    Defendant CITY OF LOS ANGELES and
                                      Defendant POLICE CHIEF CHARLIE
19                                    BECK

20

21

22  Date:  September 22, 2017         **FULLERTON & HANNA LLP**

23

24                                     By:  /s/*Daphne M. Stegman, Esq.*
                                            Daphne M. Stegman, Esq.
25                                          Attorney  for  Defendant  and
                                            Crossclaimant
26                                          MARIO CARDONA

27

28

- 3 -

**STIPULATION TO CONTINUE ATTORNEY FEES AND POST-TRIAL MOTION FILING DEADLINES**
*Garza v. City of Los Angeles, et al.*                        V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                              Kaveh Navab, Esq.

**Exhibit "1"      Page 3 of 5**

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

10   DANIEL GARZA, an individual,              Case No: 2:16-CV-03579-SVW-AFM

11              Plaintiff,

12   v.                                          **[PROPOSED] ORDER
                                                 GRANTING THE PARTIES'**
13   CITY OF LOS ANGELES, et al.,               **STIPULATION TO CONTINUE
                                                 ATTORNEY FEES AND POST-**
14              Defendants.                      **TRIAL MOTION FILING
                                                 DEADLINES**
15   MARIO CARDONA, an individual,

16              Crossclaimant,

17   v.

18   CITY OF LOS ANGELES, et al.,               Action Filed:   May 23, 2016
                                                 Trial Date:     June 20, 2017
19              Crossclaim Defendants.

20

21          WHEREAS, the parties have stipulated to continue the deadline on Plaintiff's

22   motion to attorneys' fees and costs and the parties filing of any post-trial motions,

23   including but not limited to, Motions for New Trial, based on good cause showing.

24          **IT IS HEREBY ORDERED** that the briefing schedule for Plaintiff's motion

25   for attorneys' fees and costs is amended as follows:

26          Filing Date: November 21, 2017

27          Opposition Date: December 11, 2017

28          Reply: December 18, 2017

---

**[PROPOSED] ORDER GRANTING THE PARTIES' STIPULATION TO CONTINUE ATTORNEY FEES
AND POST-TRIAL MOTION FILING DEADLINES**
Case No.: 2:16-CV-03579-SVW-AFM

1    Hearing Date: January 8, 2018

2    IT IS FURTHER ORDERED that the briefing schedule for any Post-trial

3    motions is amended as follows:

4    Filing Date: December 4, 2017

5    Opposition Date: December 22, 2017

6    Reply Date: January 15, 2018

7    Hearing Date: January 29, 2018

8

9    IT IS SO ORDERED

10

11

12

13

14    Date:    _____

15    United States District Judge
16    Hon. Stephen V. Wilson

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER GRANTING THE PARTIES' STIPULATION TO CONTINUE ATTORNEY FEES
AND POST-TRIAL MOTION FILING DEADLINES**
Case No.: 2:16-CV-03579-SVW-AFM

**Fill in this information to identify the case:**

Debtor 1      Mario G. Cardona

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: CENTRAL _____ District of CA
                                                            (State)

Case number  2:17-bk-22804-WB

---

Official Form 410

# Proof of Claim

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must **leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

DANIEL GARZA
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

[x] No
[ ] Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

c/o BARUCH C. COHEN, ESQ.
Name

4929 WILSHIRE BOULEVARD, # 940
Number        Street

LOS ANGELES, CA 90010
City              State        ZIP Code

Contact phone  323-937-4501

Contact email  baruchcohen@baruchcohenesq.com

**Where should payments to the creditor be sent? (if different)**

c/o BARUCH C. COHEN, ESQ.
Name

4929 WILSHIRE BOULEVARD, # 940
Number        Street

LOS ANGELES, CA 90010
City              State        ZIP Code

Contact phone  323-937-4501

Contact email  baruchcohen@baruchcohenesq.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

[ ] No
[x] Yes.  Claim number on court claims registry (if known) 5 _____

Filed on 01/02/2018
               MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

[x] No
[ ] Yes.  Who made the earlier filing? _____

---

Official Form 410                         Proof of Claim                              page 1

B410

**Exhibit "2"      Page 1 of 41**

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _3_ _5_ _7_ _9_ |

| | |
|---|---|
| 7. How much is the claim? | $ 957,244.28 . **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>JUDGMENT ON THE VERDICT, PLUS ATTORNEYS FEES & COSTS |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☐ No<br>☐ Yes.   The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                    $ 0.00<br>**Amount of the claim that is secured:**   $ 0.00<br><br>**Amount of the claim that is unsecured:** $ 0.00 _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $ 0.00<br><br>**Annual Interest Rate** (when case was filed) _0.00_ %<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☒ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.   $ 0.00 |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☒ No<br>☐ Yes. Identify the property: _____ |

**Exhibit "2"      Page 2 of 41**

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | [X] No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ 0.00 |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ 0.00 |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 0.00 |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ 0.00 |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ 0.00 |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ 0.00 |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

[X] I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/11/2018
                   MM  / DD  / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | BARUCH C. COHEN, ESQ. | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | LAW OFFICE OF BARUCH C. COHEN | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4929 WILSHIRE BOULEVARD, SUITE 940 | | |
| | Number      Street | | |
| | LOS ANGELES, CA 90010 | | |
| | City | State | ZIP Code |
| Contact phone | 323-937-4501 | Email | baruchcohen@baruchcohenesq.com |

**Exhibit "2"      Page 3 of 41**

1   Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2      A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3   Los Angeles, California 90010
   (323) 937-4501     Fax (323) 937-4503
4   e-mail: baruchcohen@baruchcohenesq.com

5   Vincent James DeSimone, Esq. (SBN 119668)
   **V. JAMES DESIMONE LAW**
6   13160 Mindinao Way Suite 280
   Marina Del Rey, CA 90292
7   (310) 693-5561
   e-mail: vjdesimone@gmail.com
8
   Kaveh Navab, Esq. (SBN 280235)
9   **NAVAB LAW**
   13160 Mindanao Way, Ste. 280
10   Marina Del Rey, CA 90292
   (310) 826-1002
11   e-mail: Navablaw@gmail.com

12   *Attorneys for Creditor DANIEL GARZA*

13

14           **UNITED STATES BANKRUPTCY COURT**

           **CENTRAL DISTRICT OF CALIFORNIA**

15              **LOS ANGELES DIVISION**

16

17   In re                   Case No.  2:17-bk-22804-WB

18   MARIO G. CARDONA,      Assigned to the Honorable Julia Brandt

19         Debtor           Chapter 13

20

21                      **DECLARATION OF VINCENT JAMES
                      DESIMONE IN SUPPORT OF AMENDED
22                      PROOF OF CLAIM #5 for $957,244.28**

23

24

25

26

27

28

5/11-12:10pm

**DECLARATION OF V. JAMES DESIMONE, ESQ**

I, V. JAMES DESIMONE, declare and state as follows:

1. The facts stated below are true and correct to the best of my personal knowledge and if called upon to testify to them, I could and would competently do so.

2. I am a member in good standing and eligible to practice before all courts of the State of California.

3. I am the principal attorney and owner of V. James DeSimone Law

4. I proudly represent Daniel Garza in the United States District Court - Central District of California entitled: *Daniel Garza vs. City of Los Angeles; Police Officer Mario Cardona; Police Chief Charlie Beck*, Case No. 2:16-cv-03579-SVW-AFM.

5. This declaration is in support of the **AMENDED PROOF OF CLAIM #5 for $957,244.28**

6. The June 26, 2017 verdict for **$210,000.00** and finding by the jury that Mario Cardona ("Cardona or Debtor") acted with malice toward Daniel Garza ("Mr. Garza or Creditor") marked the culmination of extensive work and effort by Plaintiff's counsel who sought to vindicate the constitutional rights of Mr. Garza. The district court action arises out of an incident that occurred on May 14, 2015, when Los Angeles Police Department Officer Mario Cardona, used excessive and unreasonable force against Mr. Garza, by punching Mr. Garza over twenty times in the face and body, handcuffing him, and for over ten minutes he was straddling Mr. Garza using his total body weight, twisting his wrists, after handcuffing Garza in LAPD handcuffs, causing excruciating pain and significant injuries.[1]

7. The USDC's Judgment on the Verdict for Plaintiff specifically provides that: "damages, costs, and fees shall be determined by a later stipulation or motion."

8. On January 30, 2018 this Court issued an order lifting the automatic stay instituted after

---

[1] A true and correct copy of the *Verdict* is attached hereto as Exhibit "A" and is incorporated herein by this reference.

**Exhibit "2"     Page 5 of 41**

1      Debtor filed for Bankruptcy, allowing Daniel Garza to go to the District Court and file an

2      attorney fee motion [Doc-37].

3    9.      On April 2, 2018 my office filed an attorney fees motion on behalf of Daniel Garza in the

4      District Court requesting attorney fees in the amount of **$721,526.50** and costs in the

5      amount of **$25,717.78**.[2]

6        a.    $210,000.00    Verdict

7        b.    $721,526.50    Attorneys Fees

8        c.    $25,717.78    Costs

9        d.    **$957,244.28**    Total

10   10.      Thus, Garza's total claim is **$957,244.28**.

11   11.      On May 7, 2018, the District Court held a hearing on Daniel Garza's attorney fees motion

12      and took the matter under submission. We are currently awaiting an order from the District

13      Court on the attorney fees motion.

14

15      I declare under penalty of perjury under the laws of the State of California that the

16 foregoing is true and correct. Executed May 11, 2018, at Los Angeles, California.

17

18            By */s/ V. James Desimone*

               V. JAMES DESIMONE

19

20

21

22

23

24

25

---

26      [2]A true and correct copy of the *Attorney's Fees Motion* is attached hereto as Exhibit "B" and

27 is incorporated herein by this reference.

28

5/11-12:10pm            -3-

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document      Page 16 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document      Page 7 of 41

Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 1 of 18    Page ID #:2783

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

| | |
|---|---|
| Daniel Garza <br><br> PLAINTIFF(S) <br><br> v. <br> CITY OF LOS ANGELES; Police Officer MARIO CARDONA; Police Chief CHARLIE BECK, in his individual and official capacity; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> 2:16-cv-03579-SVW-AFM <br><br><br> **JUDGMENT ON THE VERDICT FOR PLAINTIFF** |

This action having been tried before the Court sitting with a jury, the Honorable ___Stephen V. Wilson___, District Judge, presiding; the issues having been duly tried and the jury having duly rendered its verdict.

IT IS ORDERED AND ADJUDGED that the plaintiff:

Daniel Garza

take from the Defendant(s)

CITY OF LOS ANGELES; Police Officer MARIO CARDONA; Police Chief CHARLIE BECK, in his individual and official capacity; and DOES 1-10, inclusive,

consistent with the Court's attached Order. Judgment on the verdict is entered for the Plaintiff in the amount of $210,000 for his § 1983 claims against Defendant Cardona. Judgment on the verdict is entered for the City of Los Angeles on Cardona's crossclaims for indemnification and defense against the City. Judgment as a matter of law is entered for the City of Los Angeles on the Plaintiff's § 1983 claim against the City on the theory of *Monell* liability. Damages, costs, and fees shall be determined by a later stipulation or motion.

Clerk, U. S. District Court

Dated: ___September 18, 2017___

By *Paul M. Cruz*
Deputy Clerk

At: ___Los Angeles, California___

cc:    Counsel of record

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 17 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 8 of 41

Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 2 of 18    Page ID #:2784

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER DIRECTING THE ENTRY OF JUDGMENT AS A MATTER OF LAW AND ALLOWING JUDGMENT ON THE VERDICT FOR THE CITY OF LOS ANGELES [182].

Plaintiff Daniel Garza ("Plaintiff") brings this action against the City of Los Angeles ("City"), Chief of Police Charlie Beck,[1] and Officer Mario Cardona, for violation of his civil rights under 42 U.S.C. § 1983, in addition to various state law torts.[2]  Dkt. 1.  The Plaintiff alleges that he was detained, arrested, and handcuffed by Officer Cardona because of a personal vendetta Cardona had against him as the result of the Plaintiff's relationship with Cardona's stepdaughter.  The Plaintiff brought § 1983 claims for excessive force against Cardona as well as municipal liability claims against the City and Chief Beck ("City Defendants").  Additionally, Cardona has brought crossclaims against City Defendants for failure to indemnify and defend him as required by state law.

The claims in this case that remained when trial began can be divided into three categories: 1) the Plaintiff's § 1983 claim against Defendant Cardona; 2) the Plaintiff's § 1983 claim against the City based on *Monell* liability; and 3) Cardona's crossclaims for defense and indemnification against the City.  Judgment on the verdict has already been entered for the Plaintiff with regards to his § 1983 claim against Defendant Cardona.  Dkt. 182.  For the following reasons, the Court will now DIRECT entry of judgment as a matter of law for the City with regards to the Plaintiff's § 1983 *Monell* claim and

---

[1] The Plaintiff brought claims against Chief Beck in both his official and individual capacities.  The Court dismissed all claims against Chief Beck before trial.  Dkt. 150.

[2] The Plaintiff dismissed his state law tort claims prior to trial.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

**Exhibit "A"    Page 2 of 18**
**Exhibit "2"    Page 8 of 41**

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document        Page 18 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document        Page 9 of 41

Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 3 of 18    Page ID #:2785

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

will ALLOW judgment on the verdict for the City with regards to Cardona's crossclaims.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

While many of the facts in this case were disputed by the parties, a jury has now rendered verdicts in two separate phases of trial, thus resolving the most significant and relevant factual disputes. The Court will review the varying factual accounts presented by the parties to the jury[3] and how the jury resolved the relevant disputes.   The Court will then analyze the remaining legal questions with regards to the two claims on which judgment as not been entered –Defendant Cardona's crossclaims for indemnification and defense against the City and the Plaintiff's §1983 claim against the City.

### A.    Plaintiff and Villanueva's Relationship

Plaintiff Garza and Defendant Cardona had been neighbors since late 2012/early 2013.   Dkt. 74, UMF ¶ 1.   Cardona was living with his wife, Cherie, who had a daughter named Naomi Villanueva ("Villanueva").

In September 2013, the Plaintiff and Villanueva began to date.   Dkt. 74, UMF ¶ 7.   Cardona and Cherie forbid the Plaintiff from dating Villanueva because they believed the Plaintiff was too old for Villanueva.   Dkt. 74, UMF ¶ 8.   The Plaintiff was 24, and Villanueva had just turned 18.   *Id.* at ¶ 10. Despite Cardona and Cherie's disapproval, the Plaintiff and Villanueva secretly dated.   *Id.* at ¶ 11. The date on which the couple broke up and which person broke up with the other was disputed at trial.

### B.    Night of May 1, 2015

Cardona and the Plaintiff presented the jury with diametrically opposing descriptions of what occurred on May 1 and 2, 2015.   The Court notes that the night of May 1, 2015, initially appeared significant to the jury's determination of the Plaintiff's claims, as the Plaintiff originally contended that he was illegally seized due to Cardona's personal feelings toward the Plaintiff.   However, during trial

---

[3] The Court will cite to pretrial briefing in its summary of the parties' factual accounts, as the pretrial accounts of the parties mostly coincided with the evidence presented at trial.   However, the Court will note when the evidence presented at trial differed from or supplemented the pretrial evidence if relevant to the Court's findings in this Order.   The Court will also note the jury's findings and how they resolved certain factual disputes between the parties.

Initials of Preparer          :

PMC

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document        Page 19 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document        Page 10 of
41

Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 4 of 18    Page ID #:2786

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

the Plaintiff decided to drop the illegal seizure claim and proceed solely on his excessive force claim. Therefore, because the question of whether probable cause supported Cardona's initial seizure of the Plaintiff was no longer at issue in the case, the background motivations of Cardona became less relevant to the questions before the jury.    However, the background events remain somewhat relevant because they were heard by the jury and they may have played a role in the motivations of the parties.

Cardona alleged that on the night of May 1, 2015, the Plaintiff entered Villanueva's bedroom via the window without her knowledge or consent.    Dkt. 91, SGI ¶ 60.    When Villanueva and her roommate asked the Plaintiff to leave, the Plaintiff left and returned with a metal baseball bat from his trunk.    *Id.* at ¶¶ 61, 62.    The Plaintiff then grabbed Villanueva's arm, and without her consent, took her to his car.    *Id.* at ¶ 63.    The Plaintiff drove around for fifteen to twenty minutes while holding Villanueva against her will.    *Id.* at ¶ 65.    The Plaintiff forced Villanueva to go to Cardona's house and knocked on the door, while Villanueva screamed for her mother.    On the early morning of May 2, 2015, Cardona watched Plaintiff flee his house and did not follow him.    *Id.* at 67.    Villanueva and her roommate both testified at trial and generally presented this account to the jury, with some minor inconsistencies.

According to the Plaintiff, on the night of May 1, 2015, Villanueva opened the front door of her apartment for him and they went into her room together to talk.    Dkt. 94, PSSUMF ¶ 126.    The Plaintiff asked Villanueva if Michael, whom the Plaintiff believed Villanueva was "hooking up with," was at the residence, and she admitted he was.    *Id.* at ¶¶ 177, 129.    When the Plaintiff told Villanueva they were done and walked out of the residence, Villanueva followed him saying she needed to talk to him.    *Id.* at ¶¶ 130, 132-33.    Villanueva got into the passenger's side of the car willingly and they drove directly to Cardona's home.    *Id.* at ¶¶ 135-36.    When Villanueva said that the Plaintiff would never be able to see her again if he went home without talking to her, the Plaintiff began knocking on Cardona's door and ringing the doorbell.    *Id.* at ¶ 137.    Villanueva then got out of the car, approached the door and began yelling "Mom, Mom, Mom, Mom."    *Id.*    Villanueva ran inside as soon as the door opened, and Cardona told Plaintiff to "get the fuck off the property."    *Id.* at ¶ 136.    Plaintiff backed away and said, "That's fine. I don't want anything to do with her. I caught her cheating on me."    *Id.*    Plaintiff then walked home.    *Id.*    The Plaintiff testified extensively at trial about these events and reiterated that he broke up with Villanueva.

Initials of Preparer                                      :

                                                  PMC

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document        Page 20 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document        Page 11 of
41

Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 5 of 18    Page ID #:2787

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

### C. **Incident Report**

On May 2, 2015, Villanueva and Cherie went to the Downey Police Department to report the incident.   Dkt. 94, PSSUMF ¶ 139.   However, Villanueva told the officer she did not want to prosecute, so they did not file an incident report.   *Id.* at ¶ 140.

On the morning of May 14, 2015, Cherie filed an incident report[4] on her own with the Downey Police Department and so informed Cardona via text message.   *Id.* at ¶ 141; dkt. 74, UMF ¶ 19.  Cherie testified at trial about filing this report and notifying Cardona that a report had been filed.   She testified at trial that the report was filed by the Downey police as a professional courtesy.   The report did not consist of an arrest warrant and did not have any binding legal significance.

City Defendants emphasized that Cardona was only aware that a report had been made, and that he was not aware of its specific allegations.   Dkt. 74, UMF ¶ 20.   On the other hand, the Plaintiff contended that Cardona knew "what kind of report would have been taken" since Cardona stated that as a police officer, he was able to "put a title to all of the crimes that [he believed Garza] had done."   Dkt. 94, PSSUMF ¶ 145.   According to Cardona, although he did not talk with his wife regarding the specifics of the police report, he expected that the report would document the fact that the Plaintiff had committed a burglary, kidnapping, and domestic violence.   Dkt. 91, SGI ¶ 76.   He also testified that he understood at the time that the report would not have immediately led to an arrest warrant for the Plaintiff.

### D. **May 14 Incident**

Cardona and the Plaintiff again presented diametrically opposing descriptions to the jury of what occurred on May 14, 2015.   The parties' opposing descriptions of the May 14 incident constituted the center of this case and undoubtedly created the most significant factual dispute the jury was asked to resolve.

According to the Plaintiff, on May 14, 2015, at approximately 11:30 a.m., he was exercising in front of his house when Cardona pulled his truck into his own driveway across the street.   Dkt. 94,

---

[4]   Cherie testified that she went to make a report, not an incident report.   Dkt. 91, SGI ¶ 19.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document        Page 21 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document        Page 12 of
41
Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 6 of 18    Page ID #:2788

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

PSSUMF ¶ 28.   Getting out of his truck, Cardona yelled, "Hey, come here," at the Plaintiff.   *Id.* at ¶ 54.   They met at the corner of the Plaintiff's property, and Cardona then hit Plaintiff on the right side of his head with his left fist.   *Id.*   The Plaintiff testified that Cardona punched him four to six times while he was standing.   *Id.* at ¶ 57.   Cardona then caused the Plaintiff to fall to the ground on his side by grabbing the Plaintiff's sweater, *id.* at ¶¶ 58, 59, and punched the Plaintiff at least twenty times.   *Id.* at ¶ 60.   At Cardona's request, his mother, who had been in the car with him, brought him his bag, which contained LAPD handcuffs.   *Id.* at ¶ 63.   Cardona handcuffed the Plaintiff's right arm and threatened to break Plaintiff's shoulder unless Plaintiff gave Cardona his left arm.   *Id.* at ¶ 65.   The Plaintiff pulled out his left arm, and Cardona pulled it back hard and handcuffed it.   *Id.*   Cardona straddled Plaintiff, while he was laying down on his stomach, and twisted the Plaintiff's wrists for an extended period of time, despite the fact that Plaintiff was not resisting.   *Id.* at ¶ 66.   The Plaintiff notes that although he did not attempt to strike or resist Cardona at any time, Cardona commanded the Plaintiff to "stop resisting" loud enough for witnesses to hear.   *Id.* at ¶ 67.   The Plaintiff claims he was handcuffed for at least 20 to 25 minutes while Cardona was on his back. *Id.* at ¶ 75.   While the Plaintiff and his witnesses testified at trial in much greater detail regarding what was said and done during the altercation, the important factual allegations presented to the jury remained consistent.

According to Cardona, when he had arrived home and was trying to remove his baby from the car seat, the Plaintiff yelled at him from his front yard, "What the fuck are you looking at?   I don't care that you're a police officer.   I'll kick your ass."   Dkt. 91, SGI ¶ 78.   Cardona responded by stating, "Fuck you," which he claims is an example of tactical language consistent with the LAPD training he received.   *Id.* at ¶¶ 79, 80.   The Plaintiff continued making threatening comments, and started advancing on Cardona and his family with clenched fists, telling Cardona to meet him in the street.   *Id.* at ¶ 81.   When they met at the intersection, the Plaintiff threw a punch at Cardona's face but Cardona deflected it to his chest.   *Id.* at ¶ 87.   Using leg sweeps, Cardona took the Plaintiff to the ground.   *Id.* at ¶ 89.   Cardona used the LAPD handcuffs his mother brought him from his car to handcuff the Plaintiff.   *Id.* at ¶ 96.   Cardona claims that the Plaintiff kept moving his head from side to side, kicking his legs, and trying to get up despite his command to stop resisting.   *Id.* at ¶¶ 91, 92.   Cardona claims he never struck, kicked, or punched Plaintiff in any way during the process of getting control over Plaintiff.   *Id.* at ¶¶ 93, 94.   Again, Cardona testified at trial in greater detail but generally consistent with this initial description.

Initials of Preparer                   :

PMC

**Exhibit "A"      Page 6 of 18**
**Exhibit "2"      Page 12 of 41**

Case 2:17-bk-22804-WB   Doc 54   Filed 05/11/18   Entered 05/11/18 10:42:19   Desc
Main Document    Page 22 of 51
Case 2:17-bk-22804-WB   Claim 5   Filed 05/11/18   Desc Main Document    Page 13 of
41
Case 2:16-cv-03579-SVW-AFM   Document 198   Filed 09/18/17   Page 7 of 18   Page ID #:2789

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

### E. **911 Calls**

There was no dispute at trial among the parties that Cardona called 911 twice.   Dkt. 94, PSSUMF ¶ 69.   However, the parties highlighted different aspects of the call at trial.   City Defendants emphasize that in the first call, Cardona identified himself as an off-duty Los Angeles police officer because Department policy requires officers to so identify themselves whenever dealing with a law enforcement agency from another jurisdiction.   Dkt. 74, UMF ¶ 36.   City Defendants also note that Cardona made no mention of his status as a police officer in his second 911 call.   *Id.* at ¶ 37.   The Plaintiff emphasizes that when Cardona called 911 he told the dispatcher he "took a kidnap suspect into custody" and stated "[t]here's a report with Downey.   We took it this morning."   Dkt. 94, PSSUMF 69.   The Plaintiff also states that on the 911 call, Cardona described the situation as "Code 4", a situation "when the suspect is in custody and there is no longer a threat."   *Id.* at ¶¶ 69, 70.   Cardona stressed that he said he had a kidnap suspect in the 911 calls so the sheriffs would come faster.   Dkt. 91, SGI ¶ 101.   The City also took this view, noting that Cardona told the 911 operator that he had a kidnapping suspect in order to get local law enforcement officers to respond more quickly than if he had told them he just had a battery suspect.   Dkt. 74, UMF ¶ 42.

### F. **Bystanders**

While waiting for local authorities to arrive, Cardona told passerby, including another off-duty LAPD Officer Garcia, that he was a police officer and the Plaintiff was a kidnapping suspect in a report made at the Downey Police Department that morning.   Dkt. 74, UMF ¶ 38.   Garcia recognized that Cardona was a law enforcement officer based on Cardona's attire and his use of police tactics.   Dkt. 91, SGI ¶ 98.   Garcia testified that he did not see Cardona strike or hit the Plaintiff in any way, and that Cardona seemed to have everything under control.   *Id.* at ¶ 106.   Garcia stated that Cardona was "cradling" the Plaintiff by maintaining a top position, which he recognized as a standard LAPD technique to control a suspect and to prevent escape.   *Id.* at ¶ 108.   Garcia also saw that Cardona used a wrist lock to keep the Plaintiff under control.   Garcia stated he did not see any injuries on the Plaintiff.   *Id.* at ¶ 107.   When Cardona told Garcia that he had control of the incident, Garcia gave Cardona his contact information if it was needed for any reason and left the scene.   *Id.* at ¶ 113; dkt. 94, PSSUMF ¶ 78.   Garcia testified at trial.

Daniel Laughlin, one of the bystanders, began videotaping the incident on his phone.   When he

Initials of Preparer        :   _____

PMC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

told Cardona, "Wow, that looks like it hurts," Cardona responded, "Yeah, it does, now get back."   Dkt. 94, PSSUMF ¶ 74.   Laughlin testified he was aware Cardona was an officer because he addressed himself as Officer Cardona of LAPD on a phone call, loud enough for witnesses to hear.   *Id.*   When other bystanders told Cardona to let the Plaintiff go, Cardona responded that he would not let the Plaintiff go because he has a "kidnap suspect out of Downey."   Dkt. 91, SGI ¶ 112.   The Plaintiff played the video that Laughlin took for the jury, which began after Cardona had already taken the Plaintiff to the ground and handcuffed him.   However, the video included footage of the wrist lock used by Cardona on the Plaintiff after he was handcuffed and the Plaintiff's cries of pain.   Laughlin also testified for the jury about his observations and actions that day.

###### G. **Investigation**

When Sgt. II Hoskins and Sgt. II Wehr, Cardona's supervisors, arrived at the scene, Cardona was placed on-duty from the beginning of the incident and was ordered to submit overtime slips for all those hours.   Dkt. 91, SGI ¶ 115.   Captain, now Commander, Prokop was in agreement.   *Id.*   Sgt. II Hoskins testified that under the circumstances, Cardona's actions were within LAPD policy.   *Id.* at ¶ 118.   Prokop testified that at the time of the incident, he believed Cardona was acting in the course and scope and employment with the LAPD when he arrested the Plaintiff.   Dkt. 94, PSSUMF 88. Prokop has since changed his position and stated that Cardona should have called 911 and waited for back up before addressing the Plaintiff.   *Id.* at ¶¶ 89, 90.   A protection detail was subsequently assigned and surveillance cameras were installed to protect Cardona and his family from the Plaintiff. Dkt. 91, SGI ¶ 117.

After a completed nine-month investigation, the LAPD sent a letter to the Plaintiff informing him that three of his allegations of misconduct were determined to be "unfounded," meaning that the allegation did not occur, and that the fourth allegation was determined to be "exonerated," meaning that the action occurred but was found to be within LAPD policy.   Dkt. 91, SGI ¶ 122; dkt. 94, PSSUMF ¶ 95.   The Internal Affairs Investigation and the Use of Force Investigation were both completed before the letter was sent to Plaintiff on February 29, 2016.   Dkt. 91, SGI ¶ 123.   The letter reflects that both investigations were concluded in Cardona's favor.   *Id.*   The Plaintiff claims that internal affairs had the discretion to broaden the investigation to determine whether Cardona violated policy but they did not do so.   Dkt. 94, PSSUMF ¶ 97.

Initials of Preparer _____ : _____

PMC

**Exhibit "A"     Page 8 of 18**
**Exhibit "2"     Page 14 of 41**

Case 2:17-bk-22804-WB   Doc 54   Filed 05/11/18   Entered 05/11/18 10:42:19   Desc
Main Document      Page 24 of 51
Case 2:17-bk-22804-WB   Claim 5   Filed 05/11/18   Desc Main Document      Page 15 of
41

Case 2:16-cv-03579-SVW-AFM   Document 198   Filed 09/18/17   Page 9 of 18   Page ID #:2791

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

The Court did not allow the parties to present evidence of the LAPD investigation at trial, as the Court found such testimony to be irrelevant and unduly prejudicial. The jury was asked to determine whether Cardona acted with excessive force; conclusions from police officers or experts regarding whether Cardona acted with excessive force would inappropriately infringe on the province of the jury. However, several police experts and officers testified about the LAPD wrist lock policy and when the use of a wrist lock was within policy and when it was not.

### H. **Trial**

The Court separated the phases of the trial into discrete parts. Trial began on June 21, 2017, with the first phase of trial addressing the liability of Cardona for the Plaintiff's § 1983 claim. Dkt. 158. As discussed above, the Plaintiff's § 1983 claim against Cardona eventually consisted of only his excessive force claim, as he decided not to pursue his unlawful seizure claim. The jury was told that in order to prevail on his §1983 claim against Cardona, the Plaintiff needed to prove that Cardona acted under color of state law and that his actions deprived the Plaintiff of his rights under the laws of the United States. Dkt. 171. The Court told the jury that a "person acts 'under color of state law' when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation." *Id.* After three days of trial, the jury returned a verdict for the Plaintiff, finding that Cardona was liable to the Plaintiff under § 1983. Dkt. 174.

After the jury returned a verdict for the Plaintiff on the first phase of trial, a second phase of trial began the following Monday. To start, the Court asked the jury a clarifying question regarding their previous verdict. The Court asked the jury whether they found that Cardona had "acted" in the performance of official duties, as they might have found that Cardona merely "purported" to act in the performance of his official duties in finding that he acted under color of state law. Dkt. 171. After briefly deliberating on the question, the jury answered that they had found that Cardona had "acted in the performance of his official duties."

After the Court received the answer to this question, the second phase of trial began. Dkt. 181. The second phase of trial involved the damages suffered by the Plaintiff and lasted one day, at the end of which the jury returned a verdict. Dkt. 181. The jury was asked two questions as a part of phase two: "What damages did Plaintiff Daniel Garza suffer as a result of Defendant Mario Cardona's conduct?" and "Did Defendant Mario Cardona act with malice towards Plaintiff Daniel Garza?" Dkt. 186. The

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document        Page 25 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document        Page 16 of
41
Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 10 of 18    Page ID
#:2792

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

jury answered "210,000.00" on the first question and "Yes" on the second question.    *Id*.    After the second phase of trial was complete, the only remaining claim that had not been decided by the jury was the Plaintiff's § 1983 claim against the City under a *Monell* theory of liability.    The Court informed the parties that this Order would issue addressing that claim.

## II.    LEGAL STANDARD FOR JUDGMENT AS A MATTER OF LAW

In ruling on a post-trial motion for judgment as a matter of law, a court may enter judgment against a party as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for [that] party" as to an issue on which that party has been fully heard during trial.    Fed. R. Civ. P. 50(a), (b).    In making this determination, courts may not make credibility determinations or weigh the evidence.    *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Go Daddy*, 581 F.3d at 961.    A court "may not substitute its view of the evidence for that of the jury." *Johnson*, 251 F.3d at 1227.    "In ruling on the renewed motion [under Rule 50(b)], the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law."    Fed. R. Civ. P. 50(b).

## III.    DISCUSSION

As the Court stated before, there were three claims at issue in this case when the jury trial started: 1) the Plaintiff's § 1983 claim against Defendant Cardona; 2) Defendant Cardona's crossclaims for defense and indemnification against the City; and 3) the Plaintiff's § 1983 claim against the City based on *Monell* liability.    The Court now finds that all three have been resolved by the jury or are now resolvable by this Court as a matter of law.    This Order will enter judgment on all three claims, either on the verdict or as a matter of law, which will complete this litigation.

### A.    Plaintiff's § 1983 Claim Against Defendant Cardona

The easiest claim to address is the Plaintiff's § 1983 claim against Defendant Cardona as an individual.    The first phase of trial addressed Cardona's liability for the Plaintiff's § 1983 claim.    In a general verdict, the jury found for the Plaintiff on that claim.    Dkt. 174.    In the second phase of trial, the jury awarded $210,000 in damages to the Plaintiff on the § 1983 claim against Cardona.    Dkt. 186. The Court has already entered judgment on the verdict.    Dkt. 182.    However, the Court found that the

_____                   :   _____

Initials of Preparer

                              PMC
_____

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document      Page 26 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document      Page 17 of
41
Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 11 of 18    Page ID
#:2793

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

action had not ended for all claims and the Court had not made a ruling under Rule 54(b), meaning the action had not ended as to the Plaintiff on this claim.    Dkt. 193.    Now that final judgment has been entered with respect to all claims and parties, final judgment is also entered with respect to the Plaintiff's § 1983 claim against Cardona.    The Plaintiff is entitled to $210,000 from Cardona on this claim.

### B.    Defendant Cardona's Crossclaims Against the City

The City stated to the Court during a pretrial conference that the City will usually indemnify and defend its officers when they are the targets of § 1983 lawsuits.    However, the City usually does this as a matter of policy, not as a matter of law.    In this case, the City chose not to indemnify or defend Cardona because it believed he was acting out of personal malice for the Plaintiff, not as a police officer legitimately arresting a suspect.    As a result, Cardona was forced to bring defense and indemnification crossclaims against the City in an attempt to force it to pay his legal bills and any judgment against him.

The California Tort Claims Act immunizes public entities from liability except as provided by statute.    *See Eastburn v. Regional Fire Port. Auth.*, 31 Cal.4th 1175, 1179 (2003); Cal. Gov't Code § 815(a).    In California, a public entity has a statutory duty to provide for the defense of current or former employees who are sued civilly for acts committed in the course and scope of their employment. *See* Cal. Gov't Code § 995.    However, there are exceptions to this duty to defend.    For instance, a public entity may refuse to provide for the defense of an employee if the public entity determines that the act was outside the scope of the person's employment; the person acted out of actual fraud, corruption, or actual malice; or if the defense would create a specific conflict of interest.    Cal Gov't Code § 995.2(a).    On the other hand, if the employee was acting within the course of his employment and did not act with actual fraud, corruption, or actual malice, he can recover the costs and expenses of his defense.    Cal. Gov't Code § 996.4.    Similar exceptions exist with respect to the public entity's duty to indemnify its employees against civil claims or judgments against them.    *See* Cal. Gov't Code § 825.2.

In other words, the indemnification and defense statutes create a burden-shifting analysis.    First, in order to be entitled to reimbursement from the public entity, the employee must demonstrate that he was acting within the scope of his employment in order to be entitled to indemnification and defense. Cal. Gov't Code § 995.    Then, if the employee meets his burden on that prong, the public entity may still refuse to defend or indemnify the employee if it can show that the employee acted or failed to act

Initials of Preparer

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

because of "actual fraud, corruption, or actual malice."    Cal. Gov't Code § 995.2(a)(2); Cal. Gov't Code § 825.2(b).

Cardona and the City disagreed with respect to both prongs of the analysis.    The City contended that Cardona was not acting within the scope of his employment because he was engaged in a private altercation with his stepdaughter's ex-boyfriend.    Cardona claimed that he was making an arrest of a kidnapping and assault suspect as part of his duties with the LAPD.    The City also contended that even if Cardona was acting within the scope of his employment, he acted with actual malice during the incident, thus relieving the City of its duty to indemnify or defend Cardona.

The Court now finds that both disputes have been resolved by the jury.    In the first phase of trial, the jury found for the Plaintiff on the § 1983 claim against Cardona, meaning they must have found that he either acted or purported to act in the performance of his official duties.    The Court clarified with the jury whether they found that Cardona actually acted in the performance of his official duties rather than merely purported to act.    The jury clarified that they found that Cardona acted in the performance of his official duties.    While the analysis for whether a person acted under the color of state law question is not identical to the analysis regarding the scope of his employment, the Court found that the jury's decision necessitated a finding that Cardona was acting within the scope of his employment during the altercation.    Thus, Cardona met his initial burden, meaning the City had to show that Cardona was acting with actual fraud, corruption, or actual malice in order to avoid liability.

The Court addressed the second prong of the analysis during the second phase of trial.    The evidence that had been presented by the parties clearly demonstrated that Cardona's actions only could have involved malice, not corruption or fraud.    Thus, in addition to calculating damages for the Plaintiff as the result of Cardona's § 1983 violation, the jury was also asked, "Did Defendant Mario Cardona act with malice towards Plaintiff Daniel Garza?"    Dkt. 186.    Malice was defined for the jury as Defendant Cardona acted with the "intent to cause injury or that his conduct was despicable and was done with willful and knowing disregard of the rights or safety of another.    A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.    'Despicable conduct' is conduct that is so mean, vile, base, or contemptible that it would be looked down on and despised by reasonable people." Dkt. 183. The jury answered the question of whether Cardona acted with malice with "Yes."

Initials of Preparer    _____ : _____

PMC

Exhibit "A"    Page 12 of 18
Exhibit "2"    Page 18 of 41

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document        Page 28 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document        Page 19 of
41
Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 13 of 18    Page ID
#:2795

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

The jury's finding that Cardona acted with malice towards the Plaintiff is fatal to his crossclaims for indemnification and defense against the City.   As stated above, the City is not obligated to indemnify or defend Cardona if it can show that he acted with malice.   Cal. Gov't Code § 995.2(a)(2); Cal. Gov't Code § 825.2(b).   The jury's finding of malice means that the City has satisfied its burden and cannot be forced to indemnify or defend Cardona.   Thus, the Court ENTERS judgment on the verdict with respect to Cardona's crossclaims for the City.   Cardona takes nothing from the City.

### C.    Plaintiff's *Monell* Claim Against the City

The one claim that has not been resolved by the jury is the Plaintiff's § 1983 claim against the City under a theory of *Monell* liability.   The City brought a motion for summary judgment on the Plaintiff's *Monell* claim before trial.   Dkt. 73.   In the motion, the City argued that it could not be held liable for Cardona's actions because there was no evidence that an unconstitutional policy, practice, custom, or ratification by the City caused the alleged constitutional violation.   *Id.* at 10-13.   In opposing the motion, the Plaintiff attempted to raise triable issues of fact regarding the City's *Monell* liability using two theories.   First, the Plaintiff argued that the City ratified Cardona's unconstitutional behavior when a policymaker of the City sent a letter to the Plaintiff informing him that his complaints were either "Unfounded" or "Exonerated," meaning that Cardona's actions were justified, lawful, and proper.   Dkt. 92 at 15-18.   Second, the Plaintiff briefly argued that the wrist lock utilized by Cardona was pursuant to the training and policy of the LAPD.   *Id.* at 19.   The Plaintiff supported this contention with deposition testimony from Cardona and Sergeant Hoskins, stating that the application of a wrist lock while the Plaintiff was handcuffed was justified under LAPD policies.   Hoskins Depo., 90:5-25; Cardona Depo Vol I., 272:1 – 273:15, 274:15 – 275:13.   Thus, the wrist lock policy itself could form the basis of the City's liability under *Monell*.

In ruling on the motion for summary judgment, the Court found that the letter sent by a representative of the City to the Plaintiff "does not constitute ratification by a policy-maker sufficient to raise triable issues of fact that City Defendants should be subject to municipal liability."   Dkt. 150 at 12.   While the parties may refer to the previous order for the full analysis, the Court's general finding was that the letter could not form the basis of *Monell* liability because the City was forced to make factual determinations about what had transpired between the Plaintiff and Cardona.   *Id.*   These factual determinations did not lay out a municipal policy, and they did not ratify unconstitutional conduct.   *Id.* at 12-13.   Instead, the letter stated that Cardona's actions, as determined by the City,

Initials of Preparer

PMC

**Exhibit "A"      Page 13 of 18**
**Exhibit "2"      Page 19 of 41**

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 29 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 20 of
41
Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 14 of 18    Page ID
#:2796

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

were justified and proper. *Id.* at 13. Such a statement is not equivalent to ratifying unconstitutional actions such that the City must also be liable for Cardona's constitutional violations. Without any further evidence that the City had a policy of condoning unnecessarily painful or unconstitutional actions, the Plaintiff's evidence involving the letter was insufficient to create a triable issue of fact regarding *Monell* liability. *Id.* Any other finding would open up municipalities to liability whenever the City's investigation of an officer's actions came to different factual conclusions than a jury's findings regarding § 1983 violations. Such liability is not allowed under *Monell*, and therefore the Plaintiff's argument regarding the letter was dismissed by the Court.

Even though the Plaintiff's first theory of *Monell* liability was dismissed at the summary judgment stage, the Court found that the Plaintiff's second theory of *Monell* liability survived summary judgment. The Plaintiff provided some evidence that a potentially painful wrist lock was used against a non-resisting suspect, and that such a practice was consistent with LAPD policy. *Id.* at 14. Such a scenario is the prototypical example of *Monell* liability: a municipal policy that instructs officers to commit unconstitutional excessive force. Thus, the Plaintiff's *Monell* claim based on the wrist lock used by Cardona survived summary judgment. *Id.* The Court also noted that the letter sent by the City could be used as evidence that Cardona's use of the wrist lock was consistent with LAPD policy and thus might still be relevant to the *Monell* claim under a theory of an unconstitutional policy even though it was insufficient to sustain an independent *Monell* claim under a theory of ratification. *Id.*

However, after the evidence presented by the Plaintiff at trial, the Court now finds that the Plaintiff cannot sustain a *Monell* claim against the City as a matter of law. The Court allowed the *Monell* claim to go forward because the Plaintiff presented some evidence during summary judgment that Cardona's actions, which the jury found unconstitutional, were consistent with LAPD policy. *Id.* If the jury found both that Cardona's actions were unconstitutional and also consistent with LAPD policy, the City would be liable for its own unconstitutional policy and the constitutional violations that the Plaintiff suffered as a result.

Instead, the Plaintiff presented evidence at trial that Cardona's actions were *not* consistent with LAPD policy. Plaintiff's counsel elicited testimony from multiple police witnesses that using a wrist lock, which was described at trial as the manipulation of a handcuffed suspect's finger in order to cause pain, on an unresisting suspect was inconsistent with LAPD policy and therefore constituted excessive force. *See, e.g.*, Direct Examination of Justin Wade, 4:11-20, June 22, 2017 ("Q: Officer Wade, is it

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 30 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 21 of
41
Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 15 of 18    Page ID
#:2797

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

within LAPD policy to apply a wrist lock when an individual is in the prone position handcuffed and not resisting?   A: No."); Cross Examination of Gregory Hoskins, 15:8-16, June 22, 2017 ("Q: If an individual is prone on the ground, handcuffed and not resisting, is it appropriate pursuant to Los Angeles Police Department policy to use a wrist lock in a manner to cause pain to that person? … A: No, it wouldn't be appropriate."); Direct Examination of Antonio Garcia, 8:6-10, June 22, 2017 ("Q: And when you train those officers, you train those officers that unless the person is resisting when they're handcuffed prone on the ground, there's no reason to apply a pain-compliance technique, correct?   A: Correct, sir.")   While Cardona understandably attempted to present evidence that the wrist lock was within the department policy,[5] the jury's verdict in favor of the Plaintiff made it clear that the jury accepted the Plaintiff's version of events and rejected Cardona's.

Thus, there is no dispute of fact between the two parties involved in the *Monell* claim – the Plaintiff and the City – that Cardona acted outside of LAPD policy when executing the wrist lock.   The City has consistently maintained that all of Cardona's actions violated LAPD's policies regarding arrest procedures.   Indeed, the City's theory throughout the case has been that all of Cardona's actions, including the wrist lock placed on the Plaintiff while he was not resisting, were not consistent with LAPD policy because Cardona was acting as an angry stepfather, not as a level-headed police officer. As stated above, during trial the Plaintiff also presented evidence that Cardona's use of the wrist lock violated LAPD policy because the Plaintiff was not resisting at the time of the restraint, and the wrist lock was a procedure used specifically to subdue resisting suspects through pain.   This arrest strategy was described at trial as a "pain compliance" technique.   Thus, the two sides agreed at trial that Cardona's use of the wrist lock exceeded the amount of force that the LAPD trains its officers to use on unresisting suspects.   In other words, there is no triable issue of fact regarding whether the wrist lock was consistent with LAPD policy because both relevant parties agree that it was not.   Although Cardona argued that he acted within policy, he is not a party to the Plaintiff's *Monell* claim.

---

[5]  Cardona did not dispute that he used the wrist lock and finger manipulation on the Plaintiff even after the Plaintiff had been handcuffed.   Indeed, it would have been implausible for Cardona to dispute he used the wrist lock on the handcuffed Plaintiff, as the video showed him doing just that.   Instead, Cardona claimed that the Plaintiff was resisting during the arrest, and that therefore the wrist lock was necessary to subdue a resisting suspect per LAPD policy.   Thus, the factual dispute resolved by the jury was not whether the wrist lock occurred, but rather whether the Plaintiff had been resisting, as the Plaintiff's resistance determined whether Cardona's use of the wrist lock constituted excessive force.   Ultimately, the jury decided that the Plaintiff had not been resisting and that therefore the wrist lock constituted excessive force.

Initials of Preparer

PMC

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 31 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 22 of
41
Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 16 of 18    Page ID
#:2798

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

Without at least a question of fact remaining that Cardona acted consistent with LAPD policy when he violated the Plaintiff's constitutional rights, the Plaintiff cannot satisfy the causation element of a *Monell* claim.    In order to succeed on a *Monell* claim against a government entity, a plaintiff must demonstrate that the policy or custom he has identified actually caused the constitutional violation that he suffered.    *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002).    Further, a plaintiff must show that the custom or policy had a "direct causal link" to the deprivation of the plaintiff's constitutional rights.    *Wallis v. Spencer*, 202 F.3d 1126, 1143 (9th Cir. 1999).    The Plaintiff cannot satisfy the causation element because he agrees that Cardona did not act consistently with LAPD's wrist lock policy.    By acknowledging that Cardona did not act pursuant to an official LAPD policy, the Plaintiff has not raised a triable issue of fact that the City's actions caused his constitutional deprivation, as Cardona's relevant actions were undeniably not encouraged or aided by a policy that he did not actually follow.    The LAPD's policy certainly could not be a "moving force" behind the Plaintiff's constitutional harm, as required for a *Monell* claim, as both sides acknowledge that the Plaintiff exceeded the force allowed under the policy.    *Chew v. Gates*, 27 F.3d 1432, 1444, 1456 (9th Cir. 1994).    As a result, the Court must find for the City on the Plaintiff's *Monell* claim as a matter of law, because there is no triable issue for the jury to determine as to whether the City's policy "caused" the Plaintiff to suffer a constitutional deprivation at the hands of Cardona.

Finally, the Plaintiff cannot now change his argument regarding whether Cardona acted consistent with LAPD policy because of the doctrine of judicial estoppel.    "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position."    *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600-01 (9th Cir. 1996) (citing 18 Charles A. Wright et al,, *Fed. Practice and Proc.* § 4477 (1981 & Supp. 1995); *Yanez v. United States*, 989 F.2d 323, 326 (9th Cir. 1993)).    However, a party must succeed in the prior proceeding in order to be precluded by judicial estoppel in a later proceeding, as otherwise there is no risk of inconsistent court determinations and thus little threat to judicial integrity.    *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

The circumstances of this case and trial proceedings provide precisely the risk of inconsistent court determinations and the threat to judicial integrity that the doctrine of judicial estoppel was designed to prevent.    As discussed thoroughly in this Order, the Plaintiff repeatedly argued to the jury during the first phase of trial that Cardona's actions used more force to restrain the Plaintiff than was

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-03579-SVW-AFM | Date | September 13, 2017 |
|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | |

justified under LAPD policy.    In fact, the Plaintiff's central argument to the jury regarding why Cardona's use of force should be found excessive was that LAPD policy stated that the wrist lock used by Cardona was only appropriate for resisting suspects, and the Plaintiff was not resisting.    The Plaintiff then prevailed in the first phase of trial using that argument, as the jury found for the Plaintiff on his § 1983 claim against Cardona.    Therefore, allowing the Plaintiff to now take an inconsistent position during the *Monell* phase of trial by arguing that Cardona's actions were in fact consistent with LAPD policy would directly threaten judicial integrity.    In other words, the Plaintiff proved to the jury that Cardona was liable to the Plaintiff because his actions exceeded LAPD policy regarding the wrist lock, and he now wishes to hold the City liable for its policy by arguing that Cardona acted consistent with that policy.    Thus, the Plaintiff seeks to gain an advantage in the *Monell* phase of the trial by taking a position that is directly incompatible with the argument he used to prevail in the individual liability phase of the trial.    This is the exact use of inconsistent positions to gain an advantage and the threat to judicial integrity that judicial estoppel precludes.    Thus, the Plaintiff cannot now pursue his *Monell* claim against the City, as he cannot show that the LAPD policy caused his constitutional harm without resorting to an inconsistent position that is precluded by the doctrine of judicial estoppel.

Because the only theory of *Monell* liability that survived summary judgment was that the wrist lock policy was unconstitutional, the Court now finds that the Plaintiff has not raised a triable issue of fact regarding the City's liability for the Plaintiff's § 1983 claim.    The City cannot be liable for Cardona's actions because the Plaintiff convinced the jury that Cardona acted excessively when he violated LAPD policy with respect to when a wrist lock should be employed.    Thus, the LAPD's wrist lock policy could not have caused the constitutional violation experienced by the Plaintiff.    That violation is attributable to Cardona alone because the jury agreed with the Plaintiff that Cardona violated LAPD policy when he utilized excessive force during his arrest of the Plaintiff.    Thus, the Court DIRECTS the entry of judgment as a matter of law for the City on the Plaintiff's § 1983 *Monell* claim.

### IV.    FINAL JUDGMENT

As described above, this Court withheld entering final judgment on any claims because not all claims had been adjudicated under Rule 54(b).    Dkt. 193.    All claims in this action have now been adjudicated.    The action is now ended as to all claims, and final judgment is entered with respect to all claims.    The time period for post-trial motions will begin at the filing of this Order.

Initials of Preparer    :    _____

PMC

### Exhibit "A"    Page 17 of 18
### Exhibit "2"    Page 23 of 41

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 33 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 24 of
41
Case 2:16-cv-03579-SVW-AFM    Document 198    Filed 09/18/17    Page 18 of 18    Page ID
#:2800

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-03579-SVW-AFM | | Date | September 13, 2017 |
|---|---|---|---|---|
| Title | *Daniel Garza v. City of Los Angeles; Mario Cardona; Charlie Beck* | | | |

**V.    ORDER**

For the foregoing reasons, the Court ALLOWS final judgment on the verdict for the Plaintiff in the amount of $210,000 for his § 1983 claim against Defendant Cardona.

The Court ALLOWS judgment on the verdict for the City on Cardona's crossclaims for indemnification and defense against the City.

The Court DIRECTS the entry of judgment as a matter of law for the City on the Plaintiff's § 1983 claim against the City on the theory of *Monell* liability.

IT IS SO ORDERED.

_____ : _____

Initials of Preparer

PMC

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 34 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 25 of
41

Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 1 of 16    Page ID #:3264

1   V. James DeSimone (SBN: 119668)
    Carmen D. Sabater (SBN: 303546)
2   **V. JAMES DESIMONE LAW**
    13160 Mindanao Way, Suite 280
3   Marina Del Rey, California 90292
    Telephone: 310.693.5561
4   Facsimile: 323.544.6880

5   Kaveh Navab (SBN: 280235)
    **NAVAB LAW**
6   13160 Mindanao Way, Suite 280
    Marina Del Rey, California 90292
7   Telephone: 310.826.1002

8   Attorneys for Plaintiff
    DANIEL GARZA
9

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12
    DANIEL GARZA,                          | Case No: 2:16-CV-03579-SVW-
13                                            AFM
            Plaintiff,
14
        v.                                   **PLAINTIFF'S MOTION FOR**
15                                           **ATTORNEY'S FEES AND**
    CITY OF LOS ANGELES; Police             **COSTS PURSUANT TO 42**
16  Officer MARIO CARDONA;                  **U.S.C. § 1988;**
    Police Chief CHARLIE BECK, in           **MEMORANDUM OF POINTS**
17  his individual and official capacity;   **AND AUTHORITIES**
    and DOES 1-10, inclusive,
18                                          [*Filed Concurrently with*
            Defendants.                     *Declaration of V. James DeSimone*
19                                          *and Carol Sobel, in support*
                                            *thereof*]
20
                                            Date:       April 30, 2018
21                                          Time:       1:30 p.m.
22                                          Courtroom: 10A
                                            Judge:      Hon. Stephen V.
23                                          Wilson
24
25                                          Action Filed:   May 23, 2016
26
27
28

                                    i

---

**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. § 1983 and Costs; Memorandum of Points and Authorities**
*Garza v. City of Los Angeles, et al.*                        V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                               Kaveh Navab, Esq.

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document        Page 35 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document        Page 26 of
41

Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 2 of 16    Page ID #:3265

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 30, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard in front of the Honorable Judge Stephen V. Wilson, in Courtroom 10A, Plaintiff Daniel Garza will move this Court for an Order awarding reasonable attorney fees and costs pursuant to 42 U.S.C. Section 1988 and Federal Rule of Civil Procedure 54(d). This Motion is based on the grounds that the Plaintiff was the prevailing party at trial on his civil rights claims and is entitled to attorney fees as a matter of law.

This Motion will be further based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed declarations, the attached exhibits, upon the pleadings on file herein, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

Date: April 2, 2018                                By:

V. JAMES DESIMONE, ESQ.
KAVEH NAVAB, ESQ.

Attorneys for Plaintiff,
DANIEL GARZA

ii

Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. § 1983 and
Costs; Memorandum of Points and Authorities

*Garza v. City of Los Angeles, et al.*                                V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                Kaveh Navab, Esq.

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION........................................................................................ 1

II.    FACTUAL AND LITIGATION HISTORY ...................................................... 3

  A.    Factual Background........................................................................ 3

  B.    Litigation History ......................................................................... 3

III.    PLAINTIFF IS ENTITLED TO RECOVER REASONABLE

ATTORNEY'S FEES UNDER 42 U.S.C. § 1988 ............................................ 4

  A.    Legislative History of 42 U.S.C. § 1988 ................................... 4

  B.    The Supreme Court's standard in Hensley v. Eckerhart ............ 5

IV.    ANALYSIS................................................................................................ 6

  A.    Plaintiff is the prevailing party and is entitled to attorney's fees............... 6

  B.    The Court should be guided by a "lodestar" computation. ....................... 7

  C.    The Number of Hours Spent Was Fully Reasonable ................. 8

  D.    Counsel's Hourly Rates Are Reasonable ................................. 9

IV.    PLAINTIFF IS ENTITLED TO RECOVER COSTS UNDER FEDERAL

RULE OF CIVIL PROCEDURE 54 (D) AND 42 U.S.C. § 1988 ........................ 12

VI.    CONCLUSION........................................................................................ 12

iii

---

Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. § 1983 and
Costs; Memorandum of Points and Authorities
*Garza v. City of Los Angeles, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                          Kaveh Navab, Esq.

Exhibit "B"    Page 3 of 16
Exhibit "2"    Page 27 of 41

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 37 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 28 of
41
Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 4 of 16    Page ID #:3267

1

## <u>TABLE OF AUTHORITIES</u>

2

**Federal Cases**

3  *Bouman v. Block*, 940 F.2d 1211 (9th Cir. 1991) ..................................................... 5

4  *Brewster v. Dukakis*, 786 F.2d 16 (1st Cir. 1986) .................................................. 6

5  *City of Burlington v. Dague*, 505 U.S. 557 (1992) ............................................ 7, 8

6  *City of Riverside v. Rivera*, 477 U.S. 561 (1986) ................................................. 6

7  *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980)........................................... 9

8  *Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954 (5th Cir. 1981) ................ 5

9  *Farrar v. Hobby,* 506 U.S. 103 (1992) ................................................................... 7

10  *Guam Society of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691 (9th Cir.

11       1996) ..................................................................................................................... 6

12  *Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................. 5, 6, 7

13  *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830 (9th Cir. 1982) .......................... 8

14  *Odima v. Westin Tucson Hotel*, 53 F.3d 1484 (9th Cir. 1995) .............................. 6

15  *Serrano v. Unruh*, 32 Cal.3d 621 (1982) .......................................................... 6, 9

16  *Sethy v. Alameda County Water Dist.*, 602 F.2d 894 (9th Cir. 1979).................... 5

17  *Texas Teachers v. Garland School Dist.* 489 U.S. 782 (1989)............................. 6

18  *Trustees of Const Industry and Laborers Health and Welfare Trust v. Redland*

19       *Ins. Co.*, 460 F.3d 1253 (9th Cir. 2006) ...................................................... 12

20  *Tyco Int'l. Ltd Multidistrict Litigation*, 535 F.Supp.2d 249 (2007) ...................... 8

21  *Ustrak v. Fairman*, 851 F.2d 983, (7th Cir. 1988).................................................. 6

22  **State Cases**

23  Fed. R. Civ. P. 54(d)(1)............................................................................................ 12

24  **Statutes**

25  28 U.S.C. § 1920 ..................................................................................................... 12

26  42 U.S.C. § 1988 ........................................................................................ 4, 5, 8, 12

27  **Other Authorities**

28  Legislative History of Section 1988, S. Rep. No. 94-1011, 94th Cong. 2d ............ 5

iv

Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. § 1983 and
Costs; Memorandum of Points and Authorities
*Garza v. City of Los Angeles, et al.*                                      V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                      Kaveh Navab, Esq.

<u>Exhibit "B"     Page 4 of 16</u>
<u>Exhibit "2"     Page 28 of 41</u>

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 38 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 29 of
41

Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 5 of 16    Page ID #:3268

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION**

The verdict of June 26, 2017 marked the culmination of extensive work and effort by Plaintiff's counsel who sought to vindicate the constitutional rights of Plaintiff Daniel Garza ("Mr. Garza"). This action arises out of an incident that occurred on May 14, 2015, when Los Angeles Police Department ("LAPD") Officer Mario Cardona ("Cardona"), used excessive and unreasonable force against Mr. Garza, by punching Mr. Garza over twenty times in the face and body, handcuffing him, and for over ten minutes he was straddling Mr. Garza using his total body weight, twisting his wrists, after handcuffing Garza in LAPD handcuffs, causing excruciating pain and significant injuries.

On May 23, 2017, Mr. Garza commenced an action against Defendants City of Los Angeles, Police Chief Charlie Beck and Officer Cardona (collectively referred herein as "Defendants") in Federal court (Doc. No. 1). Mr. Garza alleged that Cardona used excessive and unreasonable force against him on May 14, 2015, and that the City of Los Angeles ratified his conduct and maintained and unconstitutional policy and practice. The overwhelming evidence presented at trial demonstrated that on May 14, 2015, when Officer Cardona detained and took Mr. Garza into custody on false allegations, he used excessive and unreasonable force when he punched him in the face and body and twisted his wrists while he was in handcuffs and not resisting.

Prosecution of this matter required an unusual degree of diligence and consumed an inordinate amount of the Plaintiff's counsel's time, in particular, leading up to trial because there were twenty-one (21) depositions taken, a motion for summary judgment filed by Defendant City of Los Angeles, and numerous other motions, ex parte filings and hearings in preparation for trial. As well and the four-day trial which commenced on June 21st and lasted through June 26th, 2017. Leading up to trial, Plaintiff's counsel opposed seven (7) motions *in limine*, and

1

Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities
*Garza v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                    Kaveh Navab, Esq.

**Exhibit "B"    Page 5 of 16**
**Exhibit "2"    Page 29 of 41**

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document        Page 39 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document        Page 30 of
41
Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 6 of 16    Page ID #:3269

1    spent a substantial amount of time on jury instructions, the verdict form and other

2    trial documents, prior to and during trial. Plaintiff diligently prepared for, and

3    conducted trial, insuring that key witnesses testified at trial in a timely and efficient

4    manner. Defendants' counsel, put up a vigorous defense necessitating dedicated

5    and vigilant prosecution of this complex Section 1983 case.

6        Defendants argued throughout trial that Officer Cardona did not use

7    excessive force against Mr. Garza, he was not acting under the color of law or the

8    course and scope of his employment and he was lawful in detaining Mr. Garza.

9    The jury ultimately rejected the arguments of Defendants in light of the

10    overwhelming evidence by way of eye witness testimony and video footage finding

11    that Officer Cardona was acting under the color of law and in the course and scope

12    of his employment when he used excessive and unreasonable force against Mr.

13    Garza. As such, on June 26, 2017, the jury returned a verdict in favor of Plaintiff

14    for $210,000.00 and made a finding that Defendant Officer Cardona was acting

15    with malice.

16        On October 18, 2017, Defendant Mario Cardona filed for Bankruptcy in

17    U.S. Bankruptcy Court- Central District of California, which immediately

18    instituted an automatic stay in the instant matter. Plaintiff, through Bankruptcy

19    counsel Baruch Cohen, was able to petition the Bankruptcy Court, which issued an

20    order lifting the automatic stay stating: "Movant is authorized to prosecute

21    Movant's Motion for Attorneys' Fees, Costs & Expenses in the USDC."

22    (DeSimone Dec. ¶ 14).

23        Successfully litigating police misconduct cases requires extensive

24    experience and skill and an understanding of issues that are unique to civil rights

25    victims as compared to general civil practice. Given that lawsuits to vindicate

26    constitutional rights are in the public interest, Congress passed 42 U.S.C. Section

27    1988 to encourage attorneys to undertake such otherwise difficult and unprofitable

28    cases. This statute allows recovery of reasonable attorneys' fees to attorneys who

2

Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities
*Garza v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                           Kaveh Navab, Esq.

Exhibit "B"        Page 6 of 16
Exhibit "2"        Page 30 of 41

Case 2:17-bk-22804-WB     Doc 54     Filed 05/11/18     Entered 05/11/18 10:42:19     Desc
Main Document     Page 40 of 51
Case 2:17-bk-22804-WB     Claim 5     Filed 05/11/18     Desc Main Document     Page 31 of
41
Case 2:16-cv-03579-SVW-AFM     Document 213     Filed 04/02/18     Page 7 of 16     Page ID #:3270

1   prevail in Section 1983 cases.

2       The favorable trial result in this case on Plaintiff's civil rights claims was

3   the product of a tremendous amount of hard work and skill on the part of Plaintiffs'

4   counsel in preparing and presenting this case at trial. Effective representation of

5   Mr. Garza's claims limited Plaintiffs' counsels' ability to take on and work on

6   other cases.  Since Plaintiff prevailed on his civil rights claims, he is entitled to an

7   award of reasonable attorney fees pursuant to Federal Rule of Civil Procedure

8   54(d) and 42 U.S.C. § 1988.

9   **II.    FACTUAL AND LITIGATION HISTORY**

10      **A.    Factual Background**

11      On May 14, 2015, Defendant Officer Mario Cardona, acting under color of

12   law, used excessive and unreasonable force against Plaintiff Daniel Garza when he

13   punched Mr. Garza in the face and body, handcuffed him, and, while Mr. Garza

14   was handcuffed, twisted his wrists causing excruciating pain and significant

15   injuries. At the time of the incident, Mr. Garza was unarmed, had committed no

16   crime and was not assaulting or threatening anyone.

17      Plaintiff prevailed on his 42 USC 1983 cause of action against Officer

18   Cardona and the jury awarded $210,000 and made a finding that Defendant Officer

19   Cardona was acting with malice.

20      **B.    Litigation History**

21      The complaint was filed in the United States District Court, Central District

22   of California on May 23, 2016. (Dkt. 1). Plaintiff conduct extensive discovery,

23   including participating in twenty-one (21) depositions. Defendant City of Los

24   Angeles filed a motion for summary judgment, which included the issue of whether

25   Officer Cardona acted under color of law. (Dkt. 73). The issue of whether Officer

26   Cardona acted under color of law was a dispositive element in Plaintiff's case

27   against the City of Los Angeles and Officer Cardona. Plaintiff opposed the motion.

28   (Dkt. 92).

3

**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities**

*Garza v. City of Los Angeles, et al.*                  V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM              Kaveh Navab, Esq.

**Exhibit "B"    Page 7 of 16**
**Exhibit "2"    Page 31 of 41**

1    The jury was impaneled and the trial *Garza v. Cardona et al.* began on June

2    21, 2017. The trial lasted four days, including a liability phase and a damages

3    phase. The jury issued a verdict in favor of Plaintiff on liability on June 23, 2017.

4    (Dkt. 174). On June 26, 2017 the jury awarded Mr. Garza $210,000 in damages.

5    (Dkt. 186). On September 13, 2017, the Court entered an order directly the entry

6    of final judgment on the verdict for Plaintiff in the amount of $210,000 in damages

7    against Defendant Mario Cardona. (Dkt. 197).

8    On October 18, 2017, Defendant Mario Cardona filed for Bankruptcy in

9    U.S. Bankruptcy Court- Central District of California, which immediately

10    instituted an automatic stay in the instant matter. Plaintiff, through Bankruptcy

11    counsel Baruch Cohen, was able to petition the Bankruptcy Court, which issued an

12    order lifting the automatic stay stating: "Movant is authorized to prosecute

13    Movant's Motion for Attorneys' Fees, Costs & Expenses in the USDC."

14    (DeSimone Dec. ¶ 14).

15    **III.    PLAINTIFF IS ENTITLED TO RECOVER REASONABLE**

16    **ATTORNEY'S FEES UNDER 42 U.S.C. § 1988**

17    **A.    Legislative History of 42 U.S.C. § 1988**

18    The Civil Rights Attorney's Fees Awards Action of 1976, codified as 42

19    U.S.C. § 1988, was enacted to encourage competent counsel to undertake and

20    enforce civil rights cases. That law provides in relevant part as follows:

21    In any action or proceeding to enforce a provision of

22    Sections 1981, 1981(a), 1982, 1983, 1985 and 1986 of

23    this title, title IX of Public Law 92-318, [or]…title VI of

24    the Civil Rights Act of 1964, the court, in its discretion,

25    may allow the prevailing party, other than the United States,

26    a reasonable attorney's fees as part of the costs…

27    The legislative history of § 1988 indicates that the public policy behind

28    awarding fees pursuant to § 1988 was to induce competent counsel to undertake

Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities

*Garza v. City of Los Angeles, et al.*                                                V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                      Kaveh Navab, Esq.

1    civil rights litigation by assuring them that if they were successful in vindicating
2    federally protected rights, they would be paid in the same manner as "is traditional
3    with attorneys compensated by feepaying clients," even when the results obtained
4    are entirely non-pecuniary or solely of nominal pecuniary value. *See* Legislative
5    History of Section 1988, S. Rep. No. 94-1011, 94th Cong. 2d Session, reprinted in
6    1976 U.S. Code Cong. & Ad. News 5908.

7         Given this purpose, courts have long established that although the statute
8    appears to speak in permissive terms, a court's discretion to deny attorney's fees
9    to a successful civil rights litigant is "exceedingly narrow." *See, e.g., Ellwest Stereo*
10   *Theatre, Inc. v. Jackson*, 653 F.2d 954, 955 (5th Cir. 1981). "Congress plainly
11   intended that successful plaintiffs should ordinarily recover an attorney's fee unless
12   special circumstances would render such an award unjust." *Sethy v. Alameda*
13   *County Water Dist.*, 602 F.2d 894, 897 (9th Cir. 1979) (quotation marks omitted).

14   **B.    The Supreme Court's standard in Hensley v. Eckerhart**

15        In *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), the Supreme Court held
16   that the purpose of 42 U.S.C. § 1988 is to ensure effective access to the judicial
17   process for persons with civil rights grievances. The public policy considerations
18   behind § 1988 have been reiterated in many cases. The courts have repeatedly held
19   that attorneys in civil rights suits are entitled to recover their full fees and costs if
20   they achieve meaningful and substantial relief, even if they do not prevail on every
21   theory or against every party. *Bouman v. Block*, 940 F.2d 1211, 1237 (9th Cir.
22   1991) (plaintiff proceeding under multiple theories for sex discrimination and
23   prevailing on FEHA claims entitled to recover attorneys' fees). As the Supreme
24   Court explained, "[l]itigants in good faith may raise alternative legal grounds for a
25   desired outcome, and the court's rejection of or failure to reach certain grounds is
26   not a sufficient reason for reducing a fee. The result is what matters." *Hensley*,
27   461 U.S. at 435. If the rule were otherwise, attorneys would be discouraged from
28   taking on high risk cases such as this one. *Id.*; *see also Odima v. Westin Tucson*

5

**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and Costs; Memorandum of Points and Authorities**

*Garza v. City of Los Angeles, et al.*                                        V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                   Kaveh Navab, Esq.

**Exhibit "B"    Page 9 of 16**
**Exhibit "2"    Page 33 of 41**

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 43 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 34 of
41
Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 10 of 16    Page ID
#:3273

1    *Hotel*, 53 F.3d 1484, 1499 (9th Cir. 1995); *Serrano v. Unruh*, 32 Cal.3d 621 (1982);

2    *Guam Society of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 700 (9th

3    Cir. 1996) (plaintiffs cannot be faulted for their thoroughness in pleading related

4    claims).

5       A fully compensatory fee is one that encourages the vindication of

6    constitutional and statutory rights through recovery of all costs and time spent on

7    the case, calculated at private market rates. It must ensure that attorneys are paid

8    for all the time they devote to the litigation. It is not limited by the number of causes

9    of action on which relief is awarded, or the amount of damages recovered. *See City*

10    *of Riverside v. Rivera*, 477 U.S. 561, 581 (1986). Parsing discrete issues according

11    to their relative importance or outcome is disfavored because doing so would

12    require the trial court to make mini-determinations of prevailing party status on

13    each dispute. *See Brewster v. Dukakis*, 786 F.2d 16, 18 (1st Cir. 1986). Once a

14    plaintiff has been determined to be the prevailing party, he is entitled to all

15    reasonable time spent:

16       Where "the plaintiff's claims of relief . . . involve a common core of facts or

17    [are] based on related legal theories," so that "much of counsel's time will be

18    devoted generally to the litigation as a whole, making it difficult to divide the hours

19    expended on a claim-by-claim basis, . . . the district court should focus on the

20    significance of the overall relief obtained by the plaintiff in relation to the hours

21    reasonably expended on the litigation." *Ustrak v. Fairman*, 851 F.2d 983, 988 (7th

22    Cir. 1988) (quoting *Hensley*, 461 U.S. at 435 (1983)).

23   **IV.    ANALYSIS**

24       **A.    Plaintiff is the prevailing party and is entitled to attorney's fees**

25       A plaintiff is considered a prevailing party, and may recover attorney's fees,

26    if he succeeds on any significant issue in litigation that achieves some of the benefit

27    sought in bringing the suit. *Hensley,* 461 U.S. at 433. The Supreme Court in *Texas*

28    *Teachers v. Garland School Dist.* 489 U.S. 782, 792 (1989) expressly held that

6

**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and Costs; Memorandum of Points and Authorities**

*Garza v. City of Los Angeles, et al.*                             V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                       Kaveh Navab, Esq.

**Exhibit "B"    Page 10 of 16**
**Exhibit "2"    Page 34 of 41**

1   *Hensley* sets forth the appropriate test for determining a plaintiff's prevailing party

2   status. In determining whether a plaintiff has succeeded on any significant issue in

3   litigation, the *Garland* Court looked at whether the relief on the merits of plaintiff's

4   claim changes the legal relationship between plaintiff and defendant. Applying this

5   test, the Court in *Farrar v. Hobby,* 506 U.S. 103, 114 (1992), held that a money

6   judgment in favor of the plaintiff for any amount modified the defendant's

7   behavior in a way that benefits the plaintiff by forcing the defendant to pay an

8   amount that would otherwise not be paid.

9        Prosecution of this matter required an unusual degree of diligence and

10  consumed an inordinate amount of the Plaintiff's counsel's time, in particular,

11  leading up to trial because there were twenty-one (21) depositions taken, a motion

12  for summary judgment filed by Defendant City of Los Angeles, and numerous

13  other motions, ex parte filings and hearings in preparation for trial. Mr. Garza

14  prevailed on his claims when the jury found that Officer Cardona was acting under

15  the color of law when he used excessive and unreasonable force against Mr. Garza

16  and was awarded Mr. Garza $210,000.00 in damages. As such, Mr. Garza is clearly

17  the prevailing party in the litigation.

18  **B.    The Court should be guided by a "lodestar" computation.**

19       The object of judicial fee determination is to simulate the results that would

20  be obtained if the lawyer were dealing with a paying client. The starting point in

21  achieving that objective is a determination of the "lodestar." The "lodestar" is the

22  product of hours reasonably expended on the case multiplied by the customary

23  hourly rates generally prevailing in the relevant community for services rendered

24  by similarly qualified attorneys. *Henlsey v. Eckhart*, 461 U.S. 424 (1983). Under

25  current law, the United States Supreme Court has sought to make uniform the

26  manner of determining what a "reasonable fee" is under a fee-shifting statute such

27  as '1988.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  As a general

28  proposition, the Court adopted the position that "the 'loadstar' figure has, as its

7

**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities**

*Garza v. City of Los Angeles, et al.*                                           V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                                   Kaveh Navab, Esq.

**Exhibit "B"     Page 11 of 16**
**Exhibit "2"       Page 35 of 41**

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 45 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 36 of
41
Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 12 of 16    Page ID
#:3275

1   name suggests, become the guiding light of our fee-shifting jurisprudence. We

2   have established a '*strong presumption*' that the lodestar represents a 'reasonable'

3   fee . . ." *Id*. (emphasis added).

4   ## C.    The Number of Hours Spent Was Fully Reasonable

5       Using the lodestar formula, Plaintiff's counsel are entitled to compensation

6   for the hours of work performed by all attorneys, law graduates, and paralegals[1]

7   with each individual's work compensated at a reasonable rate, according to his/her

8   experience and skill.  *In re Tyco Int'l. Ltd Multidistrict Litigation*, 535 F.Supp.2d

9   249, 272 (2007)  (reasoning that like paralegal time, it is "appropriate to bill a

10  contract attorney's time at market rates and count these time charges toward the

11  lodestar.").   Plaintiff's counsel's lodestar is reasonable because: (a) detailed,

12  contemporaneous records show that counsel expended all hours on litigation tasks

13  necessary to attaining relief, (b) counsels' billing rates are comparable to those of

14  attorneys with similar expertise and experience and, (c) counsel obtained an

15  excellent result.   Hours are reasonable if they were reasonably directed to

16  furthering the client's interests and compensation is appropriate for "every item of

17  service which, at the time rendered, would have been undertaken by a reasonable

18  and prudent lawyer to advance or protect his client's interest..." *Moore v. Jas. H.*

19  *Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

20      In the instant case, all the hours, are well documented and were reasonably

21  directed to furthering Plaintiff's interests, in a much contested case in which

22  Plaintiff was responsible for pursing claims at trial against two separate

23  Defendants. The time spent litigating this matter is fully documented by detailed

24  time records attached to the declaration of Mr. DeSimone. (DeSimone Dec. ¶27).

25

26

27  [1] *Missouri v. Jenkins*, 491 U.S. 274, 284-288 (1989)  (A fee award under 42 U.S.C.

28  § 1988, which provides for a reasonable attorney's fee as part of cost, includes
    paralegal fees billed at market rate).

8
**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities**
*Garza v. City of Los Angeles, et al.*                                      V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                            Kaveh Navab, Esq.

**Exhibit "B"    Page 12 of 16**
**Exhibit "2"    Page 36 of 41**

1    Further, the stakes were high for Plaintiff. Defendants vigorously defended each

2    stage of litigation and no settlement offers were made prior to trial.    As

3    demonstrated at trial, the excessive and unreasonable force that Plaintiff was

4    subjected to by Defendant Mario Cardona caused significant physical and

5    emotional distress to Plaintiff, resulting in the favorable verdict and a finding of

6    malice against Defendant Cardona. While Defendant had every right to furiously

7    defend this case, it now must bear the resulting fees: "[a party] cannot litigate

8    tenaciously and then be heard to complain about the time necessarily spent by the

9    plaintiff in response." *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980)

10   (en banc).

11       **D.    Counsel's Hourly Rates Are Reasonable**

12       The United States Supreme Courts has clearly held that fee awards to public

13   interest attorneys who do not charge their clients must be based on the prevailing

14   billing rates of attorneys in private practice with similar skills and experience. *See*

15   *Blum,* 465 U.S. 886 at 895 (legislative history of civil rights statutes requires that

16   hourly rates for public interest attorneys equal prevailing private market rates);

17   *Serrano IV,* 32 Cal.3d at 640-44 (same).

18       Plaintiff's counsel request compensation for the work in this case at their

19   regular hourly rates for the year 2018.  For the fee award to be reasonable, it must

20   be based on current, rather than historic, hourly rates.  *Missouri v. Jenkins*, 491

21   U.S. 274, 284 (1989) (reasons that a court may account for delay in payment

22   through use of current rates).  These rates are reasonable as measured by the rates

23   charged by attorneys of comparable experience and skill in the Southern California

24   area.

25       Mr. DeSimone's hourly rate of $875.00 is reasonable. Mr. DeSimone's

26   hourly rate was calculated after engaging an expert, Carol Sobel, who prepared a

27   survey of market rates for attorneys. Moreover, Judges have recognized that Mr.

28   DeSimone's experience and skill is valued at a rate comparable to attorneys at

9

**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities**
*Garza v. City of Los Angeles, et al.*                                    V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                            Kaveh Navab, Esq.

**Exhibit "B"    Page 13 of 16**
**Exhibit "2"    Page 37 of 41**

1    international law firms.

2        Ruling on a contested fee motion, Judge David O. Carter, in awarding the

3    full fees requested, stated in a written opinion: "Moreover, Class Counsel's firm

4    reputation is prestigious and thus on par with its comparator firms. Class Counsel's

5    firm is a major player in litigating cutting edge international human rights cases

6    …. One of the members of Class Counsel, DeSimone, has been named by the Daily

7    Journal among the Top 50 Employment Lawyers in the State of California,

8    inclusive of lawyers from top international law firms, for three years in a row."

9        In 2014, in agreement with Carol Sobel's Declaration, Judge Marshal stated

10    that "all the Attorneys at SDSHH are 'exceptionally skilled and experienced and

11    enjoy excellent reputations as civil rights litigators.' Sobel opines that the $725

12    rate for Mr. DeSimone is well within the market rates …" Judge Marshal approved

13    a requested hourly fee of $825 for Mr. DeSimone in 2016. In 2015, Mr. DeSimone

14    was awarded an hourly rate of $825.00 in companion cases to *Meneses et al. v.*

15    *CVS,* Case No. BC 489739. Mr. DeSimone has now been honored as a Top

16    Employment Lawyer in the State of California six out of the past eight years.  In

17    2014, he was honored with a CLAY award, in conjunction with the California State

18    Bar, in the field of civil rights.  Ms. Sobel has engaged in an extensive and rigorous

19    analysis of attorneys' rates in the Los Angeles area and concluded that, as a thirty-

20    three year attorney, with exemplary experience and results Mr. DeSimone's rates

21    should be $875.00 an hour.   (Carol Sobel Dec. ¶¶ 9-31; DeSimone Dec. ¶¶ 3-7,

22    16-17).   Ms. Sobel also analyzed the experience of all other Attorneys and

23    paralegals who performed legal work on this case and provided support for their

24    hourly rate. (Carol Sobel Dec. ¶¶ 9-31; DeSimone Dec. ¶¶ 18-26).

25    ///

26    ///

27    ///

28    ///

10

**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and Costs; Memorandum of Points and Authorities**

*Garza v. City of Los Angeles, et al.*                                     V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                   Kaveh Navab, Esq.

**Exhibit "B"       Page 14 of 16**
**Exhibit "2"       Page 38 of 41**

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 48 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 39 of
41

Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 15 of 16    Page ID #:3278

Plaintiff's total basic lodestar fees, determined by multiplying the number of hours expended by the hourly rate of each attorney are as follows:

| Personnel | Role | Firm | Rate | Hrs. | Total Lodestar |
|---|---|---|---|---|---|
| V. James DeSimone | Attorney | DeSimone | $875 | 278.2 | $243,425.00 |
| Kaveh Navab | Attorney | Navab | $500 | 517.85 | $258,925.00 |
| Ryann Hall | Attorney | DeSimone | $390 | 217.2 | $84,708.00 |
| Carmen Sabater | Attorney | DeSimone | $390 | 190.95 | $74,470.50 |
| Baruch Cohen | Attorney | Cohen | $500 | 26.35 | $13,175.00 |
| Rachael Sauer | Attorney | DeSimone | $390 | 33.8 | $13,182.00 |
| Melika Amini | Barrister | DeSimone | $280 | 31.7 | $8,876.00 |
| Diem Ha | Law Clerk | DeSimone | $250 | 56.5 | $14,125.00 |
| Jessica De La Fuente | Paralegal | DeSimone | $175 | 18.5 | $3,237.50 |
| Janet Jimenez | Paralegal | DeSimone | $175 | 25 | $4,375.00 |
| Denise Romero | Paralegal | DeSimone | $175 | 17.3 | $3,027.50 |
| Total hours | | | | 1,413.35 | $721,526.50 |

The extensive work undertaken by Plaintiff's counsel during the discovery process, in taking and defending depositions, and all of the pretrial work necessary to bring this case to trial are listed in the compilation of time records attached to the declarations of the above attorneys. All times listed in the time records were reasonably spent in securing a successful outcome in this case.

Prior to filing this motion, counsel have reviewed their records and exercised billing judgment and written off time spent on administrative or semi-clerical tasks, or tasks that were not sufficiently productive. Counsel has made their best efforts to exclude work that would not be billed to an ordinary fee-paying client. The action was litigated efficiently and expeditiously, without needless expenditure of time or unnecessary work as evidenced by the efficiency of the trial.

As such, the amount of Plaintiff's Lodestar Attorneys' Fees is $**721,526.50**.

Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities
*Garza v. City of Los Angeles, et al.*                                       V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                                       Kaveh Navab, Esq.

Case 2:17-bk-22804-WB    Doc 54    Filed 05/11/18    Entered 05/11/18 10:42:19    Desc
Main Document    Page 49 of 51
Case 2:17-bk-22804-WB    Claim 5    Filed 05/11/18    Desc Main Document    Page 40 of
41

Case 2:16-cv-03579-SVW-AFM    Document 213    Filed 04/02/18    Page 16 of 16    Page ID
#:3279

**IV.    PLAINTIFF IS ENTITLED TO RECOVER COSTS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 54 (D) AND 42 U.S.C. §
1988**

It is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as "costs" under 28 U.S.C. § 1920. *Trustees of Const Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253 (9th Cir. 2006). Therefore, Plaintiffs are entitled to recover for reasonable out-pocket-expenses incurred in this litigation. These are expenses that a client would normally pay but which were not taxed as costs; they are, therefore, compensable under 42 U.S.C. § 1988. Similarly, Fed. R. Civ. P. 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs…should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiff's out-of-pocket expenses, as indicated in plaintiff's Application to Clerk to Tax Costs totaled $25,717.78.

**VI.    CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court award attorneys' fees in the amount of **$721,526.50** and costs in the amount of **$25,717.78**. In addition, Plaintiff requests an award of fees for work performed in the filing of this motion that are incurred after these papers are filed, and which amount will be stated in the reply papers.


Date: April 2, 2018                    By:  */s/ V. James DeSimone*
                                                V. JAMES DESIMONE, ESQ.
                                                KAVEH NAVAB, ESQ.

                                                Attorneys for Plaintiff,
                                                DANIEL GARZA

---

**Notice of Motion and Motion for Award of Reasonable Attorneys' Fees Pursuant to 42 U.S.C. 1988 and
Costs; Memorandum of Points and Authorities**

*Garza v. City of Los Angeles, et al.*                    V. James DeSimone, Esq.
Case No.: 2:16-CV-03579-SVW-AFM                    Kaveh Navab, Esq.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **AMENDED PROOF OF CLAIM 5-1** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 11, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jaenam J Coe (Db)        coelaw@gmail.com
Baruch C Cohen (Cr)      bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Nancy K Curry (TR)       TrusteeECFMail@gmail.com
Valerie Smith (Int)      claims@recoverycorp.com
U S Trustee (LA)         ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **May 11, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 11, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand, Roybal Federal Bldg. & Courthouse, 255 E. Temple St, Ste 1382, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 11, 2018 | Baruch C. Cohen | /s/ Baruch C. Cohen |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**4929 Wilshire Boulevard, Suite 940, Los Angeles CA 90010**

A true and correct copy of the foregoing document entitled **SUPPLEMENTAL DECLARATION OF BARUCH C. COHEN RE OBJECTION TO PROOF OF CLAIM #5** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 11, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jaenam J Coe (Db)      coelaw@gmail.com
Baruch C Cohen (Cr)    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
Nancy K Curry (TR)     TrusteeECFMail@gmail.com
Valerie Smith (Int)     claims@recoverycorp.com
U S Trustee (LA)       ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **May 11, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 11, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Julia W. Brand, Roybal Federal Bldg. & Courthouse, 255 E. Temple St, Ste 1382, Los Angeles CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 11, 2018 | Baruch C. Cohen | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**